COURT OF APPEALS
DECISION
DATED AND FILED

June 11, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1929-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2018CF3441

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

  PLAINTIFF-RESPONDENT,

 V.

REYNALDO ROSALEZ,

  DEFENDANT-APPELLANT.

---

  APPEAL from a judgment and an order of the circuit court for Milwaukee County: JOSEPH R. WALL and GLENN H. YAMAHIRO, Judges. *Affirmed*.

  Before Donald, P.J., Geenen and Colón, JJ.

  ¶1 GEENEN, J. Reynaldo Rosalez appeals from a judgment of conviction entered on his no-contest plea to one count of second-degree sexual assault of a child under the age of sixteen, and an order of the circuit court denying

his motion for postconviction relief.[1] Rosalez argues that he has no memory of the events giving rise to the charge. Postconviction, Rosalez moved to withdraw his plea based on ineffective assistance of counsel. Rosalez claims that his trial counsel failed to inform him that, because of his amnesia, he could contest his ability to be fairly tried, and if he had known of the availability of this defense, he would not have pleaded no contest and would have instead taken his case to trial. The circuit court held a ***Machner***[2] hearing, but it explicitly refused "to indulge in the ineffective assistance analysis" because it found that Rosalez failed to prove he had amnesia.

¶2     We conclude that the circuit court's finding that Rosalez failed to prove his amnesia was not clearly erroneous. Having not proved his amnesia, Rosalez cannot prevail on his ineffective assistance of counsel claim because counsel does not perform deficiently by failing to discuss with their client what would have been a futile defense. *See **State v. Maloney***, 2005 WI 74, ¶37, 281 Wis. 2d 595, 698 N.W.2d 583. Accordingly, we affirm.

## BACKGROUND

¶3     According to the criminal complaint, on July 12, 2018, Rosalez sexually assaulted his girlfriend's ten-year-old daughter. Rosalez was arrested the following day and subsequently charged with second-degree sexual assault of a child under the age of sixteen.

---

[1] The Honorable Joseph R. Wall presided over the plea hearing and sentenced Rosalez. The Honorable Glenn H. Yamahiro presided over the postconviction proceedings.

[2] ***State v. Machner***, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

¶4    Rosalez pleaded no contest, and as part of the agreement, the State made no sentencing recommendation.  At the plea hearing, Rosalez represented that he blacked out on the evening of the sexual assault and attributed it to a combination of prescription Ambien and alcohol he had consumed.  He claimed to have no memory of sexually assaulting the victim, and for that reason, he decided to plead no contest.  The State consented, stating that a no-contest plea was "appropriate if what the defense is proposing [is] that he doesn't actually remember."  Two months later, the circuit court sentenced Rosalez to ten years of initial confinement followed by five years of extended supervision.

¶5    On March 19, 2021, Rosalez moved to withdraw his plea on the basis of ineffective assistance of counsel.  Rosalez claimed that trial counsel failed to inform him that under *State v. McIntosh*, 137 Wis. 2d 339, 404 N.W.2d 557 (Ct. App. 1987), his amnesia allowed him to contest his ability to be fairly tried, and if he had known of the availability of this defense, he would not have pleaded no contest and would have instead taken his case to trial.

¶6    Rosalez's motion included a report prepared by a psychologist.  The psychologist conducted tests designed to determine whether Rosalez was "malingering," i.e., feigning his lack of memory of the sexual assault.  Based on these tests, the psychologist concluded that Rosalez was not misrepresenting his reported lack of memory.  The circuit court held a *Machner* hearing at which three witnesses testified:  trial counsel, Rosalez's psychologist, and Rosalez.

¶7    Trial counsel testified that he explored a potential involuntary intoxication defense based on Rosalez's alleged blackout and his prescription for Ambien.  Trial counsel learned that such a defense would be unsuccessful because Rosalez had taken alcohol with the Ambien.  *See State v. Gardner*, 230 Wis. 2d

32, 42, 601 N.W.2d 670 (Ct. App. 1999).  Trial counsel knew of ***McIntosh***, but did not discuss it with Rosalez or pursue a defense based on amnesia.

¶8      The psychologist testified as an expert, repeating his conclusion that "[t]here was no evidence of malingering, or faking, or exaggerating symptoms" from Rosalez about his lack of memory.  However, the psychologist clarified that he was not affirmatively diagnosing Rosalez with amnesia.  The psychologist's tests measured whether Rosalez was lying about his lack of memory, not whether he suffered from amnesia.

¶9      Rosalez testified that he was originally going to go to trial, but resigned himself to a plea after trial counsel told him that he had no available defenses.  He said that, had he known of ***McIntosh***, he would have pursued that defense and gone to trial.  Rosalez testified that he mixed Ambien and alcohol about once a month, but on cross-examination, he admitted that he drank two to three times per week while taking Ambien nearly every night.  At the end of the hearing, the parties stipulated to the admission of two documents from the Ambien manufacturer warning users that the drug could cause "anterograde amnesia" and result in users engaging in activities "while not fully awake[.]"

¶10      The circuit court denied Rosalez's motion.  It found that Rosalez did not prove that he had amnesia by a "clear preponderance of the evidence" as he was required to do.  It found that, without a medical diagnosis, Rosalez could not satisfy his burden, contrasting his case with the defendant in ***McIntosh***, who was diagnosed with amnesia by a court-appointed psychiatrist.  The circuit court also found Rosalez not credible based on his inconsistencies about whether Ambien had caused him to black out before and how frequently he drank alcohol with Ambien.  Because the circuit court had no "basis here to find that [Rosalez] suffers

from amnesia," it concluded that it did not "have to indulge in the ineffective assistance analysis" and denied Rosalez's motion.

¶11    Rosalez appeals his judgment of conviction and the order denying his motion to withdraw his plea.

## DISCUSSION

¶12    We review a circuit court's denial of a plea withdrawal motion under the erroneous exercise of discretion standard.  *State v. Savage*, 2020 WI 93, ¶24, 395 Wis. 2d 1, 951 N.W.2d 838.  A plea withdrawal motion predicated on an ineffective assistance of counsel claim raises a mixed question of fact and law.  *Id.*, ¶25.  To establish ineffective assistance of counsel, a defendant must prove both (1) "that counsel's performance was deficient" and (2) "that the deficiency prejudiced the defense."  *State v. Carter*, 2010 WI 40, ¶21, 324 Wis. 2d 640, 782 N.W.2d 695 (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  We uphold the circuit court's findings of fact and credibility determinations unless they are clearly erroneous.  *Carter*, 324 Wis. 2d 640, ¶19.  Whether the defendant carried his or her burden to establish deficient performance and prejudice presents a question of law that we review independently.  *Id.*

¶13    To prove deficient performance, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment."  *Savage*, 395 Wis. 2d 1, ¶28 (citation and internal quotation marks omitted; alteration in *Savage*).  It is strongly presumed that counsel acted within "'the wide range of reasonable professional assistance.'"  *Carter*, 324 Wis. 2d 640, ¶22 (citation omitted).  Importantly, "[c]ounsel does not render deficient performance for failing to bring a ... motion that would have been denied."  *Maloney*, 281 Wis. 2d 595, ¶37.

5

¶14 To prove prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Carter*, 324 Wis. 2d 640, ¶37 (citation omitted). In the context of a motion to withdraw a plea, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also* *State v. Bentley*, 201 Wis. 2d 303, 312, 548 N.W.2d 50 (1996). We need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

¶15 Rosalez argues that under *McIntosh*, his amnesia allowed him to contest his ability to be fairly tried, and if he had known of the availability of this defense, he would not have pleaded no contest and would have instead taken his case to trial. Whether an amnestic defendant can receive a fair trial is subject to a multifactor analysis first adopted in *McIntosh*. Courts consider:

> (1) The extent to which the amnesia affected the defendant's ability to consult with and assist his [or her] lawyer.
>
> (2) The extent to which the amnesia affected the defendant's ability to testify on his own behalf.
>
> (3) The extent to which the evidence in suit could be extrinsically reconstructed in view of the defendant's amnesia[.]
>
> (4) The extent to which the [State] assisted the defendant and his [or her] counsel in that reconstruction.
>
> (5) The strength of the prosecution's case, [including] whether the [State]'s case is such as to negate all reasonable hypotheses of innocence. If there is any substantial possibility that the accused could, but for his [or her] amnesia, establish [a] defense, it should be presumed that he [or she] would have been able to do so.

(6) Any other facts and circumstances which would indicate whether or not the defendant had a fair trial.

***Id.***, 137 Wis. 2d at 349-50 (quoting ***Wilson v. United States***, 391 F.2d 460, 463-64 (D.C. Cir. 1968)).

¶16     However, before the ***McIntosh*** framework applies, a defendant must show that "permanent amnesia has been medically established[.]" ***Id.***, 137 Wis. 2d at 348.  A defendant bears the burden of establishing his or her amnesia by a "clear preponderance of the credible evidence." ***Muench v. State***, 60 Wis. 2d 386, 392-93, 210 N.W.2d 716 (1973), *overruled on other grounds by* ***Schimmel v. State***, 84 Wis. 2d 287, 267 N.W.2d 271 (1978), *overruled by* ***Steele v. State***, 97 Wis. 2d 72, 294 N.W.2d 2 (1980).[3]

¶17     In ***McIntosh***, the defendant received severe head injuries in an automobile accident.  ***Id.***, 137 Wis. 2d at 346.  McIntosh was charged with vehicular homicide, but he claimed that he was suffering from amnesia and had no memory of the incident.  ***Id.*** at 341, 346.  Prior to the trial, he moved to suspend the proceedings because, as a result of his amnesia, he would be unable to assist or testify in his defense.  ***Id.*** at 346.  The circuit court appointed a psychiatrist who concluded that

(1) McIntosh's amnesia was consistent with his injuries; (2) there was "no reason to doubt the permanence of a significant part of [his] memory loss"; and (3) while

---

[3] The cases following ***Muench v. State***, 60 Wis. 2d 386, 210 N.W.2d 716 (1973) dealt with an issue unrelated to this appeal, namely, whether to apply the rule that a defendant could submit psychiatric evidence purporting to show that he or she lacked the mental ability to form the requisite state of mind only if he or she pleaded not guilty by reason of mental disease or defect.  ***Muench*** applied the rule, ***Schimmel v. State***, 84 Wis. 2d 287, 267 N.W.2d 271 (1978) dissolved the rule, and ***Steele v. State***, 97 Wis. 2d 72, 294 N.W.2d 2 (1980) restored the rule.  Neither ***Schimmel*** nor ***Steele*** affected the standard of proof applicable to a defendant's claim of amnesia as set forth in ***Muench***.

> McIntosh was unable to recall the details of the accident, he was nonetheless "able to assist counsel in his own defense ... to understand the nature of legal proceedings and charges against him ... [and] otherwise able to work effectively with counsel."

*Id.* (alterations in *McIntosh*). The court denied the motion but invited McIntosh to raise the issue after the trial in the event of a conviction because the court would then "be in a much better position to weigh the testimony in determining whether or not amnesia did deprive Mr. McIntosh of due process." *Id.* at 347.

¶18    Importantly, the *fact* of McIntosh's "permanent amnesia [had] been medically established," but the court denied the motion to suspend proceedings because McIntosh was competent "in the sense of understanding the charges and procedures and assisting in the defense[.]" *Id.* at 348-49. The psychiatrist opined that a significant portion of McIntosh's memory loss was permanent, and the permanency of McIntosh's condition appears to have been undisputed. *See id.* at 346 n.1.

¶19    In contrast, the defendant claiming amnesia in *Muench* failed to establish the fact of his amnesia, and therefore, the due process issues considered in *McIntosh* were not present. *Muench*, 60 Wis. 2d at 392-93. Muench was charged with first-degree murder for a stabbing incident during a fight outside of a bar, but he claimed that he had no memory of the event because he received at least two blows to the head during the altercation. *Id.* at 387-89, 392. Our supreme court concluded that Muench was not deprived of due process because "[t]here [was] no medical evidence of anything else in the record, except the subjective statements of the defendant and the observations and hearsay testimony of his associate ... to indicate any loss of memory." *Id.* at 392. It explained that "[t]he claim of amnesia is one easily fabricated after the event by one seeking to

avoid responsibility for his [or her] acts." **Id.** Thus, a due process claim predicated on amnesia "is an affirmative defense that must be established by the defendant by a clear preponderance of the credible evidence." **Id.** at 393.[4]

¶20 Here, Rosalez's psychologist concluded only that, based on the tests conducted, "[t]here was no evidence of malingering, or faking, or exaggerating symptoms" from Rosalez about his lack of memory. The psychologist specifically testified that he was not affirmatively diagnosing Rosalez with amnesia, and there was no evidence on the issue of permanency presented at all, whether in the psychologist's report or his testimony. The psychologist clarified that the tests measured only whether Rosalez was lying about his lack of memory, not whether he suffered from amnesia. Additionally, Rosalez was impeached with respect to his history of blacking out while on Ambien and as to how often he mixed Ambien with alcohol, damaging his credibility.

¶21 It is not clearly erroneous to conclude, as the circuit court did here, that without a medical diagnosis on the record, Rosalez did not prove his amnesia by a clear preponderance of the credible evidence. Not only did Rosalez lack a medical diagnosis, he presented no evidence on the issue of permanency. **Id.**, 60 Wis. 2d at 392 (citing a lack of "medical evidence" of amnesia); **McIntosh**, 137 Wis. 2d at 346 n.1 & 348 (observing that, in that case, the defendant's "permanent amnesia [had] been medically established" by a court-appointed psychiatrist).

---

[4] The court went on to observe other facts supporting its conclusion that Muench's claimed amnesia did not present due process concerns, including that Muench "did in fact consult with his attorney and did assist in his own defense," and that based on the testimony at trial, there was no "question as to where, when, or what acts of the defendant produced the fatal result." **Muench**, 60 Wis. 2d at 393.

¶22    The circuit court's finding that Rosalez failed to prove his amnesia was not clearly erroneous.  As a consequence, Rosalez would not have been able to invoke *McIntosh*, and trial counsel does not perform deficiently by failing to discuss with him a defense that was not available.  *Maloney*, 281 Wis. 2d 595, ¶37.  Accordingly, we affirm the judgment of conviction and the order denying postconviction relief.

*By the Court.*—Judgment and order affirmed.

Not recommended for publication in the official reports.